[Civ. No. 44188. Second Dist., Div. Four. Apr. 1, 1975.]

LOS ANGELES COUNTY FIRE FIGHTERS, LOCAL 1014 et al., Plaintiffs and Respondents, v.
BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY EMPLOYEES' RETIREMENT ASSOCIATION et al., Defendants and Appellants.

COUNSEL

George W. Wakefield, Burke, Williams & Sorensen and Mark C. Allen, Jr., for Defendants and Appellants.

Bodle, Fogel, Julber, Reinhardt & Rothschild, Stephen Reinhardt and Joel N. Klevens for Plaintiffs and Respondents.

OPINION

I

KINGSLEY, J.—The present action involves the proper retirement allowances to be given to certain county employees based on service to

the federal government prior to their county employment. The trial court granted a writ of mandate accepting the employees' version; the county retirement board has appealed; we affirm.

An understanding of the dispute requires a preliminary statement of certain terms and concepts:

(1) The statutes and ordinances governing retirement allowances for county employees relate to three classes of such employees: (a) "Safety Members"—i.e., employees engaged principally in active law enforcement or in active fire suppression[1] and who are covered by some duly adopted county retirement system differentiating between such employees and other county employees; (b) employees principally engaged in active law enforcement or in active fire suppression but who are not covered by some adopted county retirement system making such differentiation; and (c) "general members"—i.e., employees not principally engaged in active law enforcement or in active fire suppression and who are covered by some duly adopted county retirement system making the differentiation above set forth.

(2) "Safety members," as a class, make a larger contribution to the retirement system than "general members" and receive, on retirement, a larger pension than "general members."

The present proceeding is brought by two individuals who entered county employ as "safety members" and who had, prior to their county employment been in federal military service[2] of a character not involving

[1]The basic definition of a "safety member," as set forth in the text is contained in section 31469.3 of the Government Code; amplification of that definition with respect to certain special classes of employees are to be found in sections 31469.4, 31469.6, 31470.2, 31470.4 and 31470.6. (All statutory references herein are to the Government Code unless otherwise indicated.)

[2]The sections of the Government Code applicable to prior service credit are sections 31641 et seq., as augmented by the definitions in sections 31478 and 31479. Under section 31478 prior government service could include service for ". . . the United States of America, this state, or any department or agency of either, or any county or any city, which city or county is within this state, or any public corporation, municipal corporation, or public district, which public corporation, municipal corporation or public district is situated in whole or in part within the county, and any local agency formation commission.."

However, under section 31641.95, the board of supervisors may limit the agencies for which prior service credit will be given "to any one or more of the public agencies as defined by Section 31478." It is undisputed that the Board of Supervisors of Los Angeles County has limited prior service credit to service for "the United States and every

active law enforcement or active fire suppression, and an organization of county employees principally engaged in active fire suppression, which organization purports to represent other county employees in an employment situation the same as that of the two individuals. ■ The employees (petitioners below) contend that their contributions to the retirement system, and the retirement allowances ultimately to be awarded to them, should be calculated at the rates applicable to "safety members" for the entire period of their public employment, regardless of the character of their public employment prior to entering public service. The board contends that their contributions, for the entire period of public employment should be calculated at the rates applicable to "safety members" but that their ultimate retirement allowances should be calculated at the rates applicable to "safety members" only for the period of their county employment as such, with the allowances for their prior public service being calculated at the rates applicable to "general members."[3] As we have said, the trial court adopted the petitioner's position; for the reasons set forth below, we agree.[4]

County retirement systems are governed by a complex body of laws, running back many years and amended and re-amended many times during their existence. Section 31641.1 of the Government Code provides as follows: "A member who was in public service before becoming a member may elect by written notice filed with the board to make contributions pursuant to Section 31641.2 and to receive credit in the retirement system for all allowed public service time. Credit for part-time service shall be calculated as provided in Section 31641.5."

Section 31641.2 provides:

"Any member of the retirement system who elects pursuant to Section

department and agency thereof." The individual petitioners here claim credit for military service with and for the United States. As we point out below, the judgment herein under attack is limited to the persons "similarly situated." We construe that language as limiting the writ to persons who, like the two individual petitioners, were in the federal military service. Whether or not our decision herein affects the rights of any other class of claimant we expressly do not determine.

[3] Originally, in their dealings with the two individual petitioners, the board seems to have taken the position that both the contributions relating to the prior service and the ultimate allowances should be calculated at the rates applicable to "general members." The brief filed on appeal, however, takes the position set forth in the text.

[4] In adopting its position, the board rejected an opinion by the Los Angeles County Counsel that had supported the contentions of the plaintiff and had relied on the opinion of the general manager of the retirement system, supported by some opinions of the Attorney General. We respect the opinions of all of the authorities presented to the board; but the ultimate interpretation of the statutes is for this court.

31641.1 to make contributions and receive credit as service for time for which he claims credit because of public service shall contribute to the retirement fund, prior to the effective date of his retirement, by lump sum payment or by installment payments over a period not to exceed five years, an amount equal to the sum of:

"(a) Twice the contributions he would have made to the retirement fund if he had been a member during the same length of time as that for which he has elected to receive credit as service, computed by applying the rate of contribution first applicable to him upon commencement of his membership in this system to the monthly compensation first earnable by him at the time as provided in Section 31641.3, multiplied by the number of months for which he has elected to receive credit for county service, including time, if any, prior to the establishment of the system, and which will constitute current service under this system.

"(b).    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(c).    .    .    .    .    .    .    .    .    .    .    .    .    .    .    ."

The meaning of that section is clear. As applied to the persons herein involved—i.e., persons who had prior federal military service and who entered the county services as "safety members"—their contribution for the prior service must be calculated at the rates applicable to "safety members" on the date of their entering county service.

Although section 31641.2 does not, itself, tie the scale of contributions to the scale of retirement allowances, other portions of the statutory scheme make that nexus clear. Thus, a "retirement allowance" is defined in section 31473, as "the pension plus the annuity." "Pension" is defined in section 31471 as "payments for life derived from contributions made from funds controlled by the board of supervisors, or from funds of a district." "Annuity" is defined, in section 31457, as "payment for life derived from contributions made by a member." Under sections 31639.1 through 31639.4, the rates of contribution by safety members are fixed so as to provide the statutory annuity for such members, using actuarial tables adopted by the board of supervisors under section 31453. The contributions by the county toward the pension is directly proportional to the members' contributions toward the annuities. (§§ 31581 and 31582.) In the case of employees claiming credit, as here, for prior service, the county makes no contribution but that is made up by the

provision in section 31641.2 that the employee's contribution shall be twice that of the contribution by him for periods of county service.

It follows that, if section 31641.2 stood alone in the context of the total statutory scheme, petitioners would be entitled to retirement allowances calculated for the period of the allowed prior service at the rates applicable to "safety members."

The board argues that section 31641.2 does not stand alone. It points to the concluding paragraph of section 31641.4 as that section now reads. The section relied on provides as follows:

"A member shall receive credit for employment in public service only for such service as he is not entitled to receive a pension or retirement allowance from such public agency. The service for which he elects to contribute and the fact that no pension or retirement allowance will accrue to such member by virtue of his employment in such public agency must be certified to by an officer of the public agency where he rendered such public service or must be established to the satisfaction of the board.

"Notwithstanding any other provision of law, a safety member who receives credit for prior employment in public service, the principal duties of which consisted of active law enforcement or active fire suppression, shall have his pension or retirement allowance for such service calculated on the same basis as the calculation of the retirement allowance such member would receive as a safety member under Section 31664."

The board argues that the concluding paragraph means that a county employee seeking credit for prior governmental service can receive a retirement allowance calculated at the rates applicable to "safety members" only if that prior service was also in a position the principal duties of which were either active law enforcement or active fire suppression. We do not agree.

Under the provisions of section 31641.1, a county employee must affirmatively elect to apply for and receive credit for prior public service and, as that section now reads,[5] such application may be made at any

---

[5]As originally adapted, section 31641.1 required the election to be made within one year after the employee entered the retirement system or within one year after section

time after the county employment has begun. Since, as we have noted above, both the rate of contribution and the rate of retirement pension are fixed by the character of the first county employment, it would follow that an individual who (unlike the present petitioners) entered county employ with duties which made him a "general member" rather than a "safety member" would remain in that status with regard to his prior service regardless of the nature of his prior service and even though he might, at some later date, transfer or be assigned to a position the duties of which made him, thereafter, a "safety member."

We regard the language in section 31641.4 relied on by the board as relating only to persons in that situation. We read the language as meaning only that, in the one special situation just described, the county employee would, in spite of his original situation, receive the higher retirement pension for the period of his prior public service if, but only if, the prior service relied on was in the limited capacity referred to.

That construction, which makes section 31641.4 a limited exception to the generality of section 31641.2, and the nexus between contributions and retirement pensions inherent in the statutory scheme as a whole complies with the general doctrine of construing all parts of a statutory scheme so as to avoid as far as possible conflicts between different provisions.[6]

The board relies also on section 31664.65, which in its present form, reads as follows:

"If a member retires with credit for time during which he was not a safety member or a member of a system established pursuant to either Chapter 4 or Chapter 5 of this part, he shall receive for such time:

"(a) A retirement allowance calculated pursuant to Section 31664.01 for time during which he was employed principally in active law

---

31641.1 became applicable to a particular county; in 1957, the one-year limitation was extended to three years; in 1965 the time limitation was deleted. A special time limitation is imposed on the special group to which section 31664.65 (hereinafter discussed) applies. That limitation is not applicable to persons falling under sections 31641.2 or 31641.4.

[6]Obviously, since the member's contribution for prior service would be fixed under section 31641.2 at the "general member" rate, the contributions by him would not meet the actuarial requirement for a "safety member's" retirement allowance. That problem is covered by the requirement in section 31454.5, that such deficit be met by appropriation by the board of supervisors.

enforcement or active fire suppression as described in Section 31470.2 or Section 31470.4 by a county, or by a district or court organized or existing within such county, or was a member of a system established pursuant to either Chapter 4 or Chapter 5 of this part, plus a retirement allowance calculated under either (b) or (c) of this section, whichever is applicable.

"(b) A retirement allowance calculated pursuant to Section 31664.01 for all prior county service with such county, and for any public service credit for which the member has elected to receive pursuant to Sections 31641.1 or 31641.5.

"This subdivision shall apply only to a member who, when the board of supervisors pursuant to Section 31695.1 provides that provisions of this chapter relating to safety members shall apply to all employees of the county whose principal duties consist of active law enforcement or active fire suppression as defined in Sections 31470.2 or 31470.4, was employed by the county principally in active law enforcement or active fire suppression as defined by such sections and who elected to be included within such safety member provisions at the time and in the manner prescribed by Section 31695.2

"(c) A retirement allowance calculated pursuant to Article 8 of this chapter for time during which he was not engaged principally in active law enforcement or active fire suppression as described in Section 31470.2 or Section 31470.4, nor a member of a system established pursuant to either Chapter 4 or Chapter 5 of this part.

"This subdivision shall apply to any member to whom subdivision (b) is not applicable.

"The provisions of this section shall be applicable irrespective of whether a member is, at the time of retirement, a safety member or a general member.

"The provisions of this section shall supersede the provisions of Section 31664.6."

That section has a long history which we need not recount here in full. In short, it began as a provision intended to assist those employees falling within group (b) as discussed at the beginning of this opinion—i.e., county employees whose principal duties were those of active law

enforcement or active fire suppression but who, because their county did not then have an applicable retirement system, were not within the technical meaning of a "safety member." The purpose was that, when as and if the county in question did adopt the proper retirement scheme, they could receive credit as "safety members" for their prior service. That situation does not exist with reference to the petitioners in the case at bench and we cannot see that it limits the effect of section 31641.2 as we have above construed that section when applied to these petitioners.

## II

The board raises sundry objections both to the form of the action and to the language of the judgment. We find none of them to have merit:

(1) ■ The board contends that an action in mandamus is not appropriate because petitioners do not, now, claim to have reached retirement age. We do not agree. As to the individual petitioners it is clear that the board has taken a firm position both as to the rate of their contributions and as to the rate of their ultimate retirement allowances. Those petitioners, and all others with the same problem, are entitled to know, *now,* not only how much they must contribute but what allowances they are purchasing by their contributions. The dispute is present and not hypothetical; whether the relief granted is in the form of mandate or in the form of declaratory relief is immaterial. We do not reverse merely to have the trial court entertain and adjudge in a suit with a different caption.

(2) Appellants complain that the judgment runs against appellant Ostly. Mr. Ostly was, at the time of the action, sued as chairman of the board and as county treasurer. Clearly, in the former capacity he was a proper party to the litigation and a proper party to be included in the judgment. As treasurer, he receives the employees' contributions to the fund; again, as such, he was a proper party both in the litigation and in the judgment.

■ We do not construe the judgment, as entered, as ordering him, as an individual, to pay anything to anybody, or as ordering him, as treasurer, to pay out of the retirement fund any awards not theretofore duly authorized by the board. We point out that, if he and his fellow board members comply with the judgment he could never be in the position of lawfully withholding payments calculated as the judgment, and this

opinion, direct. If the judgment does restrict him from unlawfully refusing to obey the lawful directive of the board he has no cause to complain.[7]

(3) The judgment directs board action not only as to the two individual petitioners but also as to "similarly situated members of petitioner organizations who elect to receive credit for prior public service and who commenced County service as safety members, regardless of the nature of their prior public service." It is argued that the quoted language is too broad and too vague. The contention is without merit. It is clear from the findings of fact that the writ compels actions only as to persons who, like the petitioners, seek prior service credit for military service with the United States; only such persons would or could be "similarly situated" with reference to the two individual petitioners. If any doubt existed as to the meaning of the writ, this opinion will dispel it.

The judgment is affirmed.

Jefferson, Acting P. J., and Cole, J.,* concurred.

---

[7]We are officially advised that Mr. Ostly is no longer Treasurer of Los Angeles County and that Howard B. Alvord has succeeded him in that capacity. Pursuant to rule 48(a), California Rules of Court, we have entered our order substituting Mr. Alvord for Mr. Ostly as a party appellant in this case. For convenience we have used Mr. Ostly's name in the text of the opinion but what we have said there applies, of course, to Mr. Alvord and to any successor or successors to Mr. Alvord.

*Assigned by the Chairman of the Judicial Council.